## NITCHIE *against* SMITH, Administratrix of SMITH.

Where a judgment by default was regularly obtained against an administratrix, she was allowed to come in and plead, upon showing a sufficient excuse; but the judgment was directed to stand as security for the *assets* remaining after payment of prior judgments confessed, and for assets *quando acciderint.*

C. I. BOGERT, for the defendant, moved to set aside a judgment by default, on *scire facias,* entered at the last term. The defendant's affidavit stated that she had a good defence, and that, during the time for pleading, her attorney was dangerously ill, she herself residing in Connecticut.

*Hamilton,* contra, contended that the judgment, at least, ought to stand as security for the assets.

[\*287]     \**Per Curiam.* The defendant ought not to be made liable beyond the assets remaining in her hands, after satisfying the other judgments which she confessed. Not having sufficient to discharge all the judgments, she was obliged to give some a preference. Her election in favor of other creditors, therefore, is not to be charged to any misapplication of the assets; and she ought not to be made liable for more than what remains, after satisfying those judgments. Her excuse, too, for not pleading, appears sufficient; but as the judgment is regular, it ought to stand as security for the assets in her hands, beyond the amount of the other judgments, and for other assets *quando acciderint ;* and she must disclose, by affidavit, the state of the assets at the time, and since.

Rule accordingly.(*a*)

(*a*) See *Russel* v. *Ball, infra,* vol. 3, p. 92.   *McKinstry* v. *Edward, supra,* p. 113, and n. (*d.*)